**THE MAGLIONE FIRM, PC**
Dean R. Maglione, Esq. 044761999
186 Clinton Avenue
Newark, New Jersey 07108
(973) 645-0777
Attorney for Plaintiffs

*For appropriate action and follow up*
*Original to Corporation Counsel*
*Copy to file*

CITY CLERK'S OFFICE
NEWARK, N.J.
ROOM 606

2017 SEP 21   P 5: 00

---

CORDELL TULLIS on his own behalf
and on behalf of ESTATE OF
RAHMERE TULLIS, and JONIKA
MATTHEWS on her own behalf,

　　　　　Plaintiff,

　v.

CITY OF NEWARK; Det. SILAS
SMITH, Jr., in his official and individual
capacity; Det. TYRONE MORTON, in his
official and individual capacity; Det.
MANUEL SOUTO, Jr., in his official and
individual capacity; Det. MIGUEL
RESSURREICAO, in his official and
individual capacity; Det. MARIO
GARCIA, in his official and individual
capacity; CHIEF DARNELL HENRY, in
his official and individual capacity; Dir.
ANTHONY AMBROSE, in his official
and individual capacity; TIYANNA A.
THOMAS; JOHN DOES 1-10
(unidentified individuals), in their official
and individual capacities; JANE DOES 1-
10 (unidentified individuals), in their
official and individual capacities; and
ABC COMPANIES 1-10 (unidentified
entities),

　　　　　Defendants.

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION: ESSEX COUNTY**
**DOCKET NO: ESX-L-6573-17**

**CIVIL ACTION**

**SUMMONS**

RECEIVED
LAW DEPARTMENT
CITY OF NEWARK, N.J.
2017 SEP 22   P 1: 11

---

**THE STATE OF NEW JERSEY TO THE DEFENDANT NAMED BELOW:**

　　**City of Newark**
　　**Willie L. Parker, Corporate Counsel**
　　**920 Broad Street, Room 316 City Hall**

Newark Law Department hereby acknowledges
receipt of the Summons and Complaint this _____ day
of _____ 20__ .

Sign Name_____
Print Name_____

Newark, New Jersey 07102

The plaintiff named above has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. The address of the Deputy Clerk of the Superior Court of Essex County, 50 W. Market Street, Newark, New Jersey.

If the Complaint is in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court. A filing fee of $175.00 for Law Division cases or $175.00 for Chancery Division cases payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and service a written answer or motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: September 19, 2017

Name of Defendant to be served: **SAME AS ABOVE**

Address for Service: **SAME AS ABOVE**

/s/ *Michelle M. Smith*
Clerk of the Superior Court

**THE MAGLIONE FIRM, PC**
Dean R. Maglione, Esq. 044761999
186 Clinton Avenue
Newark, New Jersey 07108
(973) 645-0777
Attorney for Plaintiffs

| | |
|---|---|
| CORDELL TULLIS on his own behalf and on behalf of ESTATE OF RAHMERE TULLIS, and JONIKA MATTHEWS on her own behalf, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF NEWARK; Det. SILAS SMITH, Jr., in his official and individual capacity; Det. TYRONE MORTON, in his official and individual capacity; Det. MANUEL SOUTO, Jr., in his official and individual capacity; Det. MIGUEL RESSURREICAO, in his official and individual capacity; Det. MARIO GARCIA, in his official and individual capacity; CHIEF DARNELL HENRY, in his official and individual capacity; Dir. ANTHONY AMBROSE, in his official and individual capacity; TIYANNA A. THOMAS; JOHN DOES 1-10 (unidentified individuals), in their official and individual capacities; JANE DOES 1-10 (unidentified individuals), in their official and individual capacities; and ABC COMPANIES 1-10 (unidentified entities), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY <br> DOCKET NO: L 6573-17 <br><br> CIVIL ACTION <br><br> **COMPLAINT, DEMAND FOR TRIAL BY JURY, REQUEST FOR INTERROGATORIES, AND REQURST FOR DOCUMENDS** |

Plaintiff CORDELL TULLIS, residing at 48 South 12th Street, City of Newark, County of

Essex, State of New Jersey, on his own behalf and on behalf of ESTATE OF RAHMERE TULLIS,

and Plaintiff JONIKA MATTHEWS, residing at 326 South 7th Street, City of Newark, County of

1

Essex, State of New Jersey State of New Jersey, on her own behalf, by and through their undersigned attorneys, hereby allege and complain:

## PARTIES

1. Plaintiff CORDELL TULLIS was the father of the late RAHMERE TULLIS, and is now the administrator *ad prosequendam* of his ESTATE.

2. Plaintiff JONIKA MATTHEWS was the mother of the late RAHMERE TULLIS.

3. Plaintiffs JONIKA MATTHEWS and CORDELL TULLIS would have been entitled to the services, companionship, and care of the late RAHMERE TULLIS while he lived, and to his earnings during his minority.

4. Defendant CITY OF NEWARK is a municipal corporation and a political subdivision of the State of New Jersey.

5. Defendant Det. SILAS SMITH, Jr was employed as a police officer by Defendant CITY OF NEWARK in its Newark Police Department.

6. Defendant Det. TYRONE MORTON was employed as a police officer by Defendant CITY OF NEWARK in its Newark Police Department.

7. Defendant Det. MANUEL SOUTO, Jr. was employed as a police officer by Defendant CITY OF NEWARK in its Newark Police Department.

8. Defendant Det. MIGUEL RESSURREICAO was employed as a police officer by Defendant CITY OF NEWARK in its Newark Police Department.

9. Defendant Det. MARIO GARCIA was employed as a police officer by Defendant CITY OF NEWARK in its Newark Police Department.

10. Defendant CHIEF DARNELL HENRY, was employed by Defendant CITY OF NEWARK as Chief of the Newark Police Department, and, as such, was responsible for supervision

and oversight of the said Department, including the development, promulgation, and implementation of policies, procedures and standards for the police department and more specifically policies, procedures and standards relating to vehicle pursuits, the use of force, arrest procedures, internal affairs investigations, discipline and overall conduct of police officers.

11. Defendant Dir. ANTHONY AMBROSE, was employed by Defendant CITY OF NEWARK as its Director of Public Safety, and, as such, was responsible for supervision and oversight of the Newark Police Department, including the development, promulgation, and implementation of policies, procedures and standards for the police department and more specifically policies, procedures and standards relating to vehicle pursuits, the use of force, arrest procedures, internal affairs investigations, discipline and overall conduct of police officers.

12. Defendants JOHN DOES 1-10, JANE DOES 1-10, and ABC COMPANIES 1-10 were unknown persons who ordered, authorized, instigated, shared, abetted, or joined in the actions of Defendants CITY OF NEWARK, Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, and Det. MARIO GARCIA as complained of herein, or who knowingly or negligently failed to prevent or correct the actions of said Defendants when they had the power or authority to do so, or who are otherwise liable for the damages complained of herein.

## FACTS COMMON TO ALL COUNTS

13. On or about September 11, 2015, Defendants Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, and Det. MARIO GARCIA, JOHN DOES 1-10, and JANE DOES 1-10 approached Troy Ruff in

3

unmarked vehicles, pulling up beside and behind his car.

14. Troy Ruff proceeded to drive off, and Defendants Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, and Det. MARIO GARCIA, JOHN DOES 1-10, and JANE DOES 1-10, whichever was driving, proceeded to follow him.

15. Defendants Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, Det. MARIO GARCIA, JOHN DOES 1-10, and JANE DOES 1-10 willfully maneuvered their vehicles in a manner that caused Troy Ruff's vehicle to crash into three-year-old RAHMERE TULLIS, who died as a result.

16. Plaintiff JONIKA MATTHEWS, who was present, watched as her son RAHMERE TULLIS was thus struck and killed.

17. The site of the collision was a residential area, children and other pedestrians were present, and Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, Det. MARIO GARCIA, JOHN DOES 1-10, and JANE DOES 1-10 were aware of these facts and did not have a lawful justification for the lethal maneuver that they undertook, which was a violation of general orders of the Newark Police Department and/or directives and guidelines of the New Jersey Attorney General.

18. Whoever among Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, Det. MARIO GARCIA, JOHN DOES 1-10, and JANE DOES 1-10 was not driving ordered whomever among them was driving to perform this maneuver, and/or failed to intervene to prevent its performance.

19. At the time, Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, Det. MARIO GARCIA, JOHN DOES 1-10, and

4

JANE DOES 1-10 were acting in their capacity as employees and/or agents of the CITY OF NEWARK, and under color of law as Newark police officers, and were subject to the supervision and command of CHIEF DARNELL HENRY and Dir. ANTHONY AMBROSE.

20. These actions of Defendants Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, and Det. MARIO GARCIA, JOHN DOES 1-10, and JANE DOES 1-10 were part of a policy, practice, and custom of the CITY OF NEWARK and its Police Department, as evinced by prior incidents including but not limited to the incidents alleged in *Widmeier v. City of Newark, et al.*, Civil Case No. 2:16-cv-2533 (USDNJ, filed July 28, 2016), also involving willful misuse of a vehicle by Det. SILAS SMITH, JR., and in *Stevens v. City of Newark Police Dep't, et al.*, Civil Case No. 2:09-cv-1279 (USDNJ, filed March 9, 2009), involving improper and excessive use of force by Det. SMITH.

21. Plaintiffs served Notice of Claims for damages in the form prescribed by New Jersey Statutes Title 59:8-4 and signed by plaintiffs' representative upon defendants CITY OF NEWARK and CITY OF NEWARK POLICE DEPARTMENT within the statutorily prescribed period, a copy of which is attached hereto as "Exhibit A."

22. More than six months have elapsed since service of plaintiffs' Notices of Claim and the claims remain unresolved.

23. This action is commenced within two years from the date of the occurrence.

5

## COUNT ONE

24. The Plaintiffs incorporate herein the allegations of all preceding paragraphs of this Complaint.

25. As a direct, foreseeable, and proximate result of the willful misconduct of Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, Det. MARIO GARCIA, JOHN DOES 1-10, and JANE DOES 1-10, as described above, the late RAHMERE TULLIS was struck, injured, suffered, and died.

26. As a result of the death of the late RAHMERE TULLIS, Plaintiffs JONIKA MATTHEWS and CORDELL TULLIS have been and will continue to be deprived of his earnings, services, care, and companionship, and will continue to be so deprived in the future.

27. Said willful misconduct was committed by same by and on behalf of the CITY OF NEWARK by Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, Det. MARIO GARCIA, JOHN DOES 1-10, and JANE DOES 1-10 acting in their individual and official capacities as officers, agents, and employees of the CITY OF NEWARK.

WHEREFORE Plaintiff CORDELL TULLIS, on behalf of both himself and the ESTATE OF RAHMERE TULLIS, and Plaintiff JONIKA MATTHEWS, demand judgment against Defendants CITY OF NEWARK, Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, Det. MARIO GARCIA, JOHN DOES 1-10, and JANE DOES 1-10 jointly and severally, awarding compensatory damages, punitive damages, attorneys' fees, costs of suit, and such other relief as the Court may find equitable and just.

6

## COUNT TWO

28. The Plaintiffs incorporate herein the allegations of all preceding paragraphs of this Complaint.

29. Plaintiff JONIKA MATTHEWS suffered severe emotional distress as a result of witnessing the suffering and death of her son RAHMERE TULLIS, which was caused by Defendants CITY OF NEWARK, Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, Det. MARIO GARCIA, JOHN DOES 1-10 as described above.

30. The injury occasioned by this emotional distress is severely and objectively disabling and permanent in nature, and will require costly medical treatment.

**WHEREFORE** Plaintiff JONIKA MATTHEWS demands judgment against Defendants CITY OF NEWARK, Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, Det. MARIO GARCIA, JOHN DOES 1-10, and JANE DOES 1-10 jointly and severally, awarding compensatory damages, punitive damages, attorneys' fees, costs of suit, and such other relief as the Court may find equitable and just.

## COUNT THREE

31. The Plaintiffs incorporate herein the allegations of all preceding paragraphs of this Complaint.

32. Defendants CITY OF NEWARK, CHIEF DARNELL HENRY, Dir. ANTHONY AMBROSE, JOHN DOES 1-10, JANE DOES 1-10, and ABC COMPANIES 1-10 failed to adequately supervise, discipline, and train Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, Det. MARIO GARCIA, JOHN DOES 1-10, and JANE DOES 1-10, in proper use of force, use of police

7

vehicles, and arrest procedures, and failed to properly and fully investigate similar incidents in the past during said officers' employment.

33. These failures by Defendants CITY OF NEWARK, CHIEF DARNELL HENRY, Dir. ANTHONY AMBROSE, JOHN DOES 1-10, JANE DOES 1-10, and ABC COMPANIES 1-10 were substantial factors in causing the misconduct and resulting injury and death complained of in the foregoing counts, insofar as said failures encouraged and/or failed to deter or prevent same.

**WHEREFORE** Plaintiff CORDELL TULLIS, on behalf of both himself and the ESTATE OF RAHMERE TULLIS, and Plaintiff JONIKA MATTHEWS, demand judgment against Defendants CITY OF NEWARK, Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, Det. MARIO GARCIA, CHIEF DARNELL HENRY, Dir. ANTHONY AMBROSE, JOHN DOES 1-10, and JANE DOES 1-10 jointly and severally, awarding compensatory damages, punitive damages, attorneys' fees, costs of suit, and such other relief as the Court may find equitable and just.

## COUNT FOUR

34. The Plaintiffs incorporate herein the allegations of all preceding paragraphs of this Complaint.

35. Defendants Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, Det. MARIO GARCIA, JOHN DOES 1-10, and JANE DOES 1-10, in the course of their employment by the CITY OF NEWARK, willfully used police vehicles to put Troy Ruff in apprehension of immediate danger to his person, causing him to veer out of the roadway and strike the late RAHMERE TULLIS.

36. This assault and battery by Defendants CITY OF NEWARK, Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, Det. MARIO GARCIA, JOHN DOES 1-10, and JANE DOES 1-10 caused the injuries to the Plaintiffs complained of in the preceding Counts.

**WHEREFORE** Plaintiff CORDELL TULLIS, on behalf of both himself and the ESTATE OF RAHMERE TULLIS, and Plaintiff JONIKA MATTHEWS, demand judgment against Defendants CITY OF NEWARK, Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, Det. MARIO GARCIA, JOHN DOES 1-10, and JANE DOES 1-10 jointly and severally, awarding compensatory damages, punitive damages, attorneys' fees, costs of suit, and such other relief as the Court may find equitable and just.

## COUNT FIVE

37. The Plaintiffs incorporate herein the allegations of all preceding paragraphs of this Complaint.

38. The maneuver by Defendants CITY OF NEWARK, Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, Det. MARIO GARCIA, JOHN DOES 1-10, and JANE DOES 1-10, as described above, was a use of force carried out under color of law, willfully intended to harm Troy Ruff, was clearly excessive under the circumstances, and subjected the late RAHMERE TULLIS to an unreasonable seizure of his person, depriving him of life and liberty without due process of law, in violation of Article I, Sections 1 and 7 of the Constitution of the State of New Jersey.

39. This unconstitutional seizure of the person of RAHMERE TULLIS, and deprivation of his life and liberty without due process of law, manifested a tacit policy, practice, and custom of the CITY OF NEWARK authorizing such seizures and deprivations, as evinced by the deliberate indifference of Defendants CITY OF NEWARK, CHIEF DARNELL HENRY, Dir. ANTHONY AMBROSE, JOHN DOES 1-10, JANE DOES 1-10, and ABC COMPANIES 1-10, insofar as they failed to adequately supervise, discipline, and train Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, Det. MARIO GARCIA, JOHN DOES 1-10, JANE DOES 1-10, and other Newark Police Officers in proper use of force, use of police vehicles, and arrest procedures, and failed to properly and fully investigate similar incidents in the past during said officers' employment.

WHEREFORE Plaintiff CORDELL TULLIS, on behalf of both himself and the ESTATE OF RAHMERE TULLIS, pursuant to the New Jersey Civil Rights Act, N.J.S.A. 10:6-2, demands judgment against Defendants CITY OF NEWARK, Det. SILAS SMITH, Jr., Det. TYRONE MORTON, Det. MANUEL SOUTO, Jr., Det. MIGUEL RESSURREICAO, Det. MARIO GARCIA, CHIEF DARNELL HENRY, Dir. ANTHONY AMBROSE, JOHN DOES 1-10, and JANE DOES 1-10 jointly and severally, awarding compensatory damages, punitive damages, attorneys' fees, costs of suit, and such other relief as the Court may find equitable and just.

### JURY DEMAND

The Plaintiffs hereby demand a trial by jury as to all issues herein so triable, pursuant to R. 4:35-1.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:18-4, DEAN R. MAGLIONE, is hereby designated as trial counsel in the above captioned matter for the firm of The Law Offices of Dean R. Maglione, attorneys for the plaintiff.

### DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to Rule 4:17-1, the plaintiffs hereby demand answers to Uniform Interrogatories Form C & C(2) Personal Injury Interrogatories and any attached supplemental interrogatories from all defendants within the time prescribed by the Rules of the Court.

### CERTIFICATION

Pursuant to R. 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other Court or of a pending arbitration proceeding to the best of my knowledge, information and belief. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action.

In addition, I recognize the continuing obligation of each party to file and serve on all parties and the Court an Amended Certification if there is a change in the facts stated in this original Certification.

I hereby certify that the foregoing statements made by me are true. I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date:

Dean R. Maglione, Esq.
Attorney for the Plaintiffs

11

**Appendix XII-B1**



## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**
if information above the black bar is not completed
or attorney's signature is not affixed

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| 1. ATTORNEY / PRO SE NAME<br>Dean R. Maglione, Esq. | 2. TELEPHONE NUMBER<br>(973) 645-0777 | 3. COUNTY OF VENUE<br>Essex |
|---|---|---|
| 4. FIRM NAME (if applicable)<br>The Maglione Firm, P.C. | | 5. DOCKET NUMBER (when available)<br>L 6573-17 |
| 6. OFFICE ADDRESS<br>186 Clinton Ave.<br>Newark, NJ 07108 | | 7. DOCUMENT TYPE<br>Complaint |
| | | 8. JURY DEMAND  ■ Yes   ☐ No |

| 9. NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Cordell Tullis and Jonika Matthews, Plaintiffs. | 10. CAPTION<br>Cordell Tullis, on his own behalf and on behalf of Estate of Rahmere Tullis, and Jonika Matthews, on her own behalf, Plaintiffs, v. City of Newark, Det. Silas Smith, Jr., in his official and individual capacities, De |
|---|---|

| 11. CASE TYPE NUMBER<br>(See reverse side for listing)<br><br>005 | 12. HURRICANE SANDY RELATED?<br>☐ YES  ■ NO | 13. IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ■ NO<br><br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| 14. RELATED CASES PENDING?<br>☐ YES   ■ No | 15. IF YES, LIST DOCKET NUMBERS | |
| 16. DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES   ■ No | 17. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN | |

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| 18. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES   ■ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS |
|---|---|

| 19. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ■ YES   ☐ No |
|---|

| 20. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION |
|---|

| ♿ | 21. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES   ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | 22. WILL AN INTERPRETER BE NEEDED?<br>☐ YES   ■ No | IF YES, FOR WHAT LANGUAGE? |

| 23. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b). |
|---|

| 24. ATTORNEY SIGNATURE: |
|---|

Effective 06/05/2017, CN 10517—ps                                      page 4 of 5